COSTELLO v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. NEGLIGENCE—INJURIES—ACTION—EVIDENCE—RELEVANCY.

In an action for personal injuries it was error to admit testimony of a physician that when he saw plaintiff blood poisoning had set in, it not being shown that the poisoning was the result of the injury.

2. SAME—DAMAGES—EVIDENCE.

In an action for personal injuries, evidence that plaintiff employed a man at a certain rate per day to attend to plaintiff's business while he was incapacitated was incompetent, the reasonable value of such servant's services not being shown, and it not appearing that such help was necessary.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Bartholomew Costello against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Henry W. Goddard and William E. Weaver, for appellant.

Cornelius J. Early, for respondent.

GILDERSLEEVE, J. We are asked to reverse the judgment herein for errors committed upon the trial in the admission and exclusion of testimony.

Plaintiff sued for personal injuries, alleging serious and painful injuries to his body, especially his right hand, and shock to his nervous system. The accident occurred on April 25th, and a physician was called to attend him on April 27th. The only direct injury received was a severe bruise to the thumb of his right hand. The physician was allowed to testify that when he saw him "blood poisoning had set in," but it was not shown that such poisoning was the result of the injury, and no connection between the injury and such blood poisoning was shown. This testimony given was objected to, but allowed.

Plaintiff further claimed the sum of $75 for wages of a man employed by him for seven weeks to attend plaintiff's business at the rate of $2.50 per day. The reasonable value of this servant's services were not shown, nor did it appear that such hired help was essential to the plaintiff by reason of the injuries sustained. There should be a new trial.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.